(November 24, 1900.)

## SOLOMON v. FRANKLIN.

[62 Pac. 1030.]

LEASE OF SHEEP—CHATTEL MORTGAGE—LIEN UPON INCREASE.— M. and F. entered into a contract by the terms of which M. hired to F. for a period of years three thousand five hundred sheep, upon a yearly rental per head and the further provision that at the end of the term F. was to return to M. the full number of

sheep of a like character as the original lot. F. was to be at the expense of herding and caring for the sheep, and the title to the said three thousand five hundred was to be and remain in M. It was further provided that M. should have a lien upon the increase of said sheep to secure the payment of the rental stipulated and agreed on in said contract of hiring; and that in the event of default by F. in the payment of said rental for a period of thirty days F. should forfeit all right to or interest in said sheep, the increase thereof and the wool therefrom. *Held*, that the lien created by the contract did not change or pass the title to either the wool or the increase. (See Idaho Rev. Stats., sec. 3333.) *Held*, further, that the provision for a forfeiture expressed in the contract was void under the provisions of section 3334, Revised Statutes of Idaho. *Held*, further, that said wool and increase were subject to mortgage by F.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

J. W. Eden and John M. Zane, for Appellant.

Franklin could not by sale or mortgage pass any other or greater title in the unshorn wool or sheep that he himself had; even though the buyer or mortgagee acted in the utmost good faith in the transaction. (*Saltus v. Everet,* 20 Wend. 267, 32 Am. Dec. 541, and note; *Russell v. Favier,* 18 La. 585, 36 Am. Dec. 662.) The contracts between appellant and Franklin were not sale contracts, but were contracts of bailment as to the original sheep turned over, and conditional sales of their increase (lambs and wools) and the conditions not having been performed, the title remained in the appellant. (*Rodgers v. Bachman,* 109 Cal. 552, 42 Pac. 448; *Woodward v. Edmunds,* 20 Utah, 118, 57 Pac. 848; *De Saint Germain v. Wind,* 3 Wash. Ter. 189, 13 Pac. 753; *Heinbockle v. Zugbaum,* 5 Mont. 344, 5 Pac. 897, 51 Am. Rep. 897; *Warner v. Roth,* 2 Wyo. 63; *Quinn v. Parke etc. Co.,* 5 Wash. 276, 31 Pac. 866; *Gerow v. Costello,* 11 Colo. 560, 7 Am. St. Rep. 260, 19 Pac. 505; *Harbison v. Tufts,* 1 Colo. App. 140, 27 Pac. 1014; *Shoshonitz v. Campbell,* 7 Utah, 47, 24 Pac. 672; *Harkness v. Russell & Co.,* 118 U. S. 663, 7 Sup. Ct. Rep. 51; affirming same case, 4 Utah, 197.)

Winters & Guheen, for Respondent Solomon.

Counsel for appellant seems to rely upon the idea that Mc-Cormick in the contracts with Franklin conditionally sells him what wool will thereafter grow upon the sheep. The argument is ingenious but fallacious. The wool is, so to say, the profits from the sheep just as a crop is the profit of a farm and is continually so treated by the authorities. (*Alferitz v. Borgward,* 126 Cal. 201, 58 Pac. 460; *Shoobert v. De Motta,* 112 Cal. 215, 53 Am. St. Rep. 207, 44 Pac. 487; *Simpson v. Ferguson,* 112 Cal. 180, 53 Am. St. Rep. 201, 40 Pac. 104, 44 Pac. 484; *Teal v. Walker,* 111 U. S. 242, 4 Sup. Ct. Rep. 420; *National Bank v. Erreck,* 116 Cal. 81, 58 Am. St. Rep. 133, 47 Pac. 926.) The contracts do not expressly or even impliedly give McCormick a lien for his rent on the wool. On the contrary, it is expressly stipulated that he shall have a lien on the increase for his rent. Wool is not increase. (*Alferitz v. Borgward,* 126 Cal. 210, 58 Pac. 460.) It has been repeatedly held that even where a mortgage of lands expressly covers the rents, issues and profits, that the mortgagor as long as he is in possession may dispose of the same until he is dispossessed by the mortgagee taking actual possession or by a receiver. (*Simpson v. Ferguson,* 112 Cal. 180, 53 Am. St. Rep. 201, 40 Pac. 104, 44 Pac. 484; *Teal v. Walker,* 111 U. S. 242, 4 Sup. Ct. Rep. 420; Jones on Chattel Mortgages, sec. 140; *Hitchcock v. Hassett,* 71 Cal. 331, 12 Pac. 228.)

Dietrich, Chalmers and Stevens, for Respondent Brennan.

But as to the increase the contract is, "and that he, McCormick, shall have a lien upon the increase," for the rental. What, have a lien upon his own property? A mortgage on that which he owns? At the most McCormick had, as between him and Franklin a mortgage lien upon the increase for what might be due him as rental. He could not devest Franklin's title or the lien of this respondent by seizure. And as to this respondent, the instruments, as mortgages, were void, not having been executed as required by statute, and this respondent having no notice of their existence. Even had the contracts not so expressly recognized Franklin as the owner of the increase of the leased property, that is, had they simply

been silent on that point, still as a matter of general law Franklin would be recognized as the owner. (*Putnam v. Wyley,* 8 Johns. 432, 5 Am. Dec. 346; *Couclin v. Haven,* 12 Johns. 314.)    One who hires a flock of sheep for a year acquires a right to the increase of the flock.    (Edwards on Bailments, p. 264, sec. 369, p. 287, sec. 403.)

HUSTON, C. J.—This action was brought by the plaintiff to foreclose a chattel mortgage upon the wool of four thousand head of sheep, executed by the defendant Perry Franklin to the plaintiff to secure the payment of certain moneys, advanced or loaned by plaintiff to said Franklin. The facts, as shown by the record, are substantially as follows: On the twenty-third day of November, 1896, and the fourth day of December, 1896, the defendant R. C. McCormick and the defendant Perry Franklin made and entered into the following contracts:

"This article of agreement, made by and between R. C. McCormick, of Cassia county, Idaho, and Perry Franklin, of the same place, witnesseth: That the said McCormick, for and in consideration of the covenants and agreements hereinafter made by said Franklin, has this day let and does hereby lease unto him, the said Perry Franklin, for the term of three years, the same to terminate on the tenth day of November, 1899, two thousand five hundred yearling ewes and ear-marked with the following marks: Two split cropped, cropped and overbit, and a crop and half crop and two under bits, and one underbit and overbit, now in Cassia county, Idaho, and to be branded F; the receipt of which is hereby acknowledged. For and in consideration of the said lease the said Franklin agrees to pay, as rent therefor, in semi-annual payments, one-half on the first day of July and one-half on the first day of November of each year, the following sums: For the first year, forty cents per head; for the second year, forty five cents per head; for the third year, fifty cents per head—in good and lawful money of the United States. The said Franklin agrees at the end of said term he will return the original sheep as four year old ewes, or, in case of any loss of the same or injury thereto, an equal number of four year old ewes, in good condition, with no cripples

or scabs; and also agrees to pay all expenses of running the same, and all taxes of every kind thereon. It is also understood and agreed that the said sheep, to the number of said two thousand five hundred, shall be and remain the property of the said McCormick at all times, and that he shall have a lien upon the increase thereof for any unpaid portion of the said rental; and, in case of default of the payment thereof for the period of thirty days after any payment becomes due, that the said McCormick may seize and take the said sheep, with all their increase, wherever found, and the same shall then be the absolute property of the said McCormick, this agreement notwithstanding. The said Franklin shall keep the said sheep, with all their increase, branded with the said F brand during the continuance of this lease. Witness our hands and seals this twenty-third day of November, 1896.

"R. C. McCORMICK.

"PERRY   FRANKLIN.

"Witness: K. I. PERKY."

"State of Idaho, } ss.
County of Cassia. }

"Personally appeared before me, the undersigned, a notary public within and for the county of Cassia, and state of Idaho, on this first day of January, 1897, R. C. McCormick and Perry Franklin, known to me to be the persons who signed the foregoing instrument, and acknowledged that they signed the same freely and voluntarily, and for the purpose therein named.

[Seal]                         "K. L. PERKY,
                               "Notary Public."

"This article of agreement made by and between R. C. McCormick, of Cassia county, Idaho, and Perry Franklin, of Opal, Wyoming, witnesseth: That the said McCormick, for and in consideration of the covenants and agreements hereinafter made by said Franklin has this day let, and does hereby lease unto him, the said Franklin, for the term of two years, the same to terminate on the first day of October, 1899, one thousand yearling ewes, and ear-marked with the following marks: Two splits cropped and overbit and a half crop and crop and two

underbits, and one underbit and overbit; also front and back slope and square crop, now in Uinta county, Wyoming, and to be branded F, the receipt of which is hereby acknowledged. For and in consideration of the said lease the said Franklin agrees to pay as rent therefor, in semi-annual payments, one-half on the first day of July and one-half on the first day of November of each year, the following sum: Sixty-five cents per head per annum, in good and lawful money of the United States. The said Franklin agrees that at the end of said term he will return the original sheep as four year old ewes, or, in case of any loss of the same or injury thereto, an equal number of four year old ewes in good condition, with no cripples or scabs, and also agrees to pay all expenses of running the same, and all taxes of every kind thereon. It is also understood and agreed that the said sheep, to the number of said one thousand, shall be and remain the property of the said McCormick at all times, and that he shall have a lien upon the increase thereof for any unpaid portion of the said rental, and, in case of default of the payment thereof for the period of thirty days after any payments become due, that the said McCormick may seize and take the said sheep, with all their increase, wherever found, and the same shall then be the absolute property of the said McCormick, this agreement notwithstanding. The said Franklin shall keep the said sheep, with all their increase, branded with said F brand during the continuance of this lease. Witness our hand and seal this fourth day of December, 1897.

[Seal]                         "R. C. McCORMICK.
[Seal]                         "PERRY FRANKLIN,
"Witness: ROBT. A. HOCKER."
"State of Wyoming, } ss.
County of Uinta.    }

"I, James Brown, county clerk in and for the county and state aforesaid, do hereby certify that R. C. McCormick and Perry Franklin, known to me to be the persons who signed the foregoing instrument, appeared before me this day in person, and acknowledged to me that they signed, sealed, and executed the said instrument freely and voluntarily, and for the uses and

purposes therein set forth. Given under my hand and official seal this fourth day of December, 1897. My term of office expires on the first Monday in January, 1899.

[Seal]                          "JAMES BROWN,
                                "County Clerk.
                        "By ALEX. NISBET,
                                "Deputy."

Under these contracts the sheep mentioned therein were turned over to the possession of said Franklin, and were by him herded and cared for until May 30, 1899, when they were taken possession of, together with the increase, by said McCormick, under a claimed breach of the terms of the contracts aforesaid by said Franklin. On January 14, 1899, and while said Franklin was in possession of said sheep under the contracts aforesaid, the said Franklin executed and delivered to the plaintiff a chattel mortgage upon "all the wool now on, and all the additional wool that may grow hereafter thereon before next shearing time after this date, viz., all the wool that may be taken from four thousand head of sheep at next shearing time after this date. Said sheep are branded by the red F on the back, and now situated in Marsh Basin, this Cassia county, state of Idaho." Said chattel mortgage was given to secure to plaintiff the sum of $1,500, with interest at the rate of ten per cent per annum from date until paid. Said defendant, Franklin, also on the thirtieth day of December, 1898, to secure the defendant, Brennen, against loss or damage by reason of said Brennen having become security for him, said Franklin, upon a promissory note executed by said Franklin to the Bank of Montpelier for the sum of $1,090 and interest at the rate of one per cent per month, executed to said Brennen a chattel mortgage, dated December 30, 1898, "upon one thousand ewe lambs, each one year old next spring, and each marked with a straight upper bit in the right ear." Franklin having failed to pay said note at maturity, the same was paid by said Brennen. To the complaint of plaintiff, McCormick and Brennen file separate answers and cross-complaints by Brennen. The case was tried by the court without a jury, and the court files its findings of fact and conclusions of law to the effect that the title to the

wool and the increase of the hired sheep were in the defendant, Franklin, under the contract or lease from McCormick to him; that the mortgages to Solomon and to Brennen were valid liens, and had precedence over any claim or lien of McCormick to or upon the property covered thereby.

It is contended by appellant that under the contract between McCormick and Franklin, *supra,* the title to the wool and the increase from the sheep hired or leased remained in McCormick, and that, therefore, any lien created thereon by Franklin was void. With this contention we cannot agree. As to the original three thousand five hundred head of sheep hired by McCormick to Franklin, the title thereto continued in McCormick. The lien created by the contracts was upon the increase, and not upon the wool. The provision in the contracts between McCormick and Franklin whereby McCormick was given a lien upon the increase of the original three thousand five hundred sheep conveyed no title to such increase. "Notwithstanding an agreement to the contrary, a lien or a contract for a lien transfers no title to the property subject to the lien." (Rev. Stats., sec. 3333.) The provision in said contracts declaring a forfeiture of all interests of Franklin in said sheep, the wool product, and increase thereof in the event of default in the payment of the rental thereof was void under the provisions of section 3334 of the Revised Statutes, which is as follows: "All contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, and all contracts in restraint of the right of redemption from a lien, are void." The trial court finds that on the twenty-first day of June, 1899, the plaintiff caused an injunction to issue restraining McCormick from disposing of the wool, or any part thereof; that thereafter, to wit, on the twenty-third day of June, 1899, the said McCormick, in consideration that the said restraining order be dissolved, and that he be allowed to sell said wool, agreed by his certain writing with the plaintiff, Solomon, that he would pay into the court the amount of the proceeds of the sale of said wool, to be applied to the payment of the note and mortgage of plaintiff, in the event the court would

hold at the hearing of this cause that the said wool was subject to said mortgage. The trial court further finds: "That on or about May 28, 1899, said McCormick, for the purpose of securing and maintaining possession of said sheep and other sheep then held by said Franklin, and as a consideration therefor, represented to and agreed with the said Franklin that if he (the said Franklin) would not resist the taking and retaining of possession by said McCormick, he (the said McCormick) would assume and agree to pay, and he did then and there assume and agree to pay, certain debts of the said Franklin pertaining to said sheep; among which said debts, specifically mentioned and agreed upon, was and is the note and mortgage indebtedness sued upon in the cross-complaint [of defendant, Brennen], said agreement being the same as referred to in the plaintiff's amended complaint. 9. That after satisfying and paying all claims upon and charges against said sheep and their wool and their lambs in favor of said McCormick, he still had and has more than enough of the proceeds thereof left and remaining to pay all of said debts and claims, including that of cross-complainant, which he so agreed to pay." We are unable to find any error in the record, and the judgment of the district court is therefore affirmed, with costs to respondent.

Quarles and Sullivan, JJ., concur.